The document below is hereby signed.

Signed: April 20, 2010.



```
_____
```
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10041 |
| UNITED STATES MARSHALS | ) | |
| SERVICE, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
<u>GRANTING DEFENDANT'S MOTION TO DISMISS</u>

This addresses the defendants' motion to dismiss the above-captioned adversary proceeding. For the reasons set forth below, I will grant the motion.

I

On August 18, 2008, the plaintiff, Michael Joseph Sindram ("Sindram"), commenced a case under chapter 13 of the Bankruptcy

Code (11 U.S.C.), which he thereafter converted to a case under chapter 7.  In January, 2009, Sindram received his discharge and on February 6, 2009, the court closed his case.  The same day his case was closed, the court entered a memorandum decision and order reopening Sindram's case for the limited purpose of allowing him to pursue a pending contempt motion against his condo association for violations of the automatic stay.  Prior to the court addressing Sindram's contempt motion in the main case, Sindram filed a complaint commencing this adversary proceeding against the United States Marshals Service and several of its employees.  On January 22, 2010, the clerk issued a summons to the Marshals Service.  Sindram thereafter filed an amended complaint, naming only the Marshals Service as a defendant, and personally delivered the summons and his amended complaint to the Marshals' office in the E. Barrett Prettyman Courthouse in the District of Columbia.

In his amended complaint, Sindram alleges several acts by Marshals Service employees in violation of his "constitutionally-guaranteed rights and interest":

- "Heavy-handed tactics" against Sindram in open court on February 3, 2009;
- Interference with Sindram's meeting with the trustee on November 13, 2008;
- Sindram's detention and arrest in the courthouse prior

to a hearing before this court on April 21, 2009;

- A Marshals Service's employee's refusal to admit Sindram to the courthouse on multiple occasions;
- An employee of the Marshals Service checking for firearms using a magnetic wand "in and about [Sindram's] crotch area for no other reason than to intimidate and harass [Sindram]" and to put a chilling effect upon his court filings;
- A Marshals Service employee rifling through Sindram's filings after having passed them through the magnetometer for the purpose of harassing and intimidating him in front of counsel;
- A Marshals Service employee "stalking" Sindram at a hearing before this court for the purpose of chilling Sindram's ability to concentrate and testify at a hearing;
- Various statements made to Sindram by a Marshals Service employee, including: "I am going to make you my girlfriend and we are going to shop at Victoria Secrets for your lingerie."; "I am going to make you into chopped liver like the others while I was a cop in New York City so you will not be coming back to my turf in this courthouse!"; and "You are dead meat white boy."; and

- Sindram's detention by several Marshals Service employees while he was attempting to make an after-hours filing in his bankruptcy case.

On March 5, 2010, the Marshals Service timely filed a motion to dismiss this adversary proceeding.  Sindram filed in response, and the Marshals Service submitted reply memorandum in support of its motion.

II

The purpose of a Fed. R. Civ. Proc. 12(b)(6) motion is "to test the legal sufficiency of the complaint."  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  In deciding a motion to dismiss, although the court "must construe the allegations and facts in the complaint in the light most favorable to the plaintiff . . . ," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002), the complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . . [nor must it] accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  In deciding a 12(b)(6) motion to dismiss, "the Court may only

consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt*, 226 F. Supp. 2d at 196.

III

In its motion, the Marshals Service argues that dismissal is proper for four reasons.  I will address each in turn.

A

The Marshals Service first asserts that dismissal is proper because this court lacks subject matter jurisdiction to hear Sindram's claims.  Bankruptcy courts are courts of limited jurisdiction.  *Valley Historic Ltd. P'Ship v. Bank of New York*, 486 F.3d 831, 837 (4th Cir. 2007).  Under 28 U.S.C. § 1334 and § 157, bankruptcy courts are only empowered to hear cases that either arise under title 11 or that arise in or relate to a case under title 11.

First, Sindram's claims do not arise under title 11. Sindram cites no provision of the Bankruptcy Code as a basis for relief, and the court can find no provision that would entitle Sindram to the relief he requests.  This is unsurprising as Sindram's amended complaint sounds in tort: he is seeking relief under theories of battery, assault, false imprisonment, and

5

constitutional tort.[1]  And tort claims are, by their nature, state law claims; they are not rights created by the Bankruptcy Code.

---

[1]   Even if the amended complaint could also be viewed as sounding in contempt based on the Marshals Service's acts having interfered with proceedings in the bankruptcy court, the court would still lack jurisdiction to hear his claims.

   Sindram is not seeking to enforce an order of the court. Any contempt proceeding would necessarily be one to vindicate the authority of the court and thus a proceeding sounding in criminal contempt.  *See Cobell v. Norton*, 334 F.3d 1128, 1145 (D.C. Cir. 2003) (explaining that courts generally use civil contempt to enforce compliance with an order, while criminal contempt is used to "vindicate the authority of the court following a transgression rather than to compel future compliance or to aid the plaintiff") (internal quotations and citations omitted).  As I have previously held, "this court does not have the authority to hear a criminal contempt matter relating to past conduct not presently occurring in a hearing."  *In re Akl*, 2008 WL 5102277, *1 (Bankr. D.D.C. Sept. 4, 2009).

   Sindram has not alleged that he is seeking compensatory civil contempt sanctions and has failed to allege facts that would establish civil contempt.  A party may not be held in civil contempt if there was no failure to comply with a clear and unambiguous court order of which it had knowledge.  *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993).  Sindram does not point to any such order.

6

Second, Sindram's claims do not arise in the case.[2] That the acts of the Marshals Service arose from events in the bankruptcy case is insufficient to confer "arising in" jurisdiction. "In other words, an 'arising in' proceeding is one that must not only arise from events in the bankruptcy case but that by its nature is of an 'administrative' character because it requires a disposition in the bankruptcy case in order for the bankruptcy case to be administered." *Virginia Hosp. Center-Arlington Health Sys. v. Akl (In re Akl)*, 397 B.R. 546, 550 (Bankr. D.D.C. 2008).

Finally, Sindram's claims are not related to the bankruptcy case. The test for determining whether something is related to a bankruptcy proceeding is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (citations omitted). Here, there is no conceivable effect on the estate. All of the misconduct alleged

---

[2] Because Sindram emphasizes the nexus of the Marshals Service's conduct to the bankruptcy case, I have opted to address the issue of "arising in" jurisdiction separate from the "related to" jurisdiction issue. I could have proceeded instead to dispose of the "arising in" and "related to" jurisdictional issues together by addressing only the "related to" issue. The "arise in" and "relate to" standards operate conjunctively in the sense that if a case "arises in" the bankruptcy case, it necessarily is "related to" the bankruptcy case (meaning it has some impact on the administration of the case). Therefore, it would only be necessary to determine whether this adversary proceeding is at least "related to" the bankruptcy case. *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

by Sindram happened post-petition.  Under § 541 of the Bankruptcy Code, the estate consists solely of Sindram's assets before he filed for bankruptcy.  Any claim against the Marshals Service that arose post-petition belonged solely to Sindram and could not be used for distribution to his creditors.[3]  Accordingly, the court is without jurisdiction to hear Sindram's complaint.

B

The Marshals Service's second argument is that even if the court finds subject matter jurisdiction, this adversary proceeding should nevertheless be dismissed as to it under the doctrine of sovereign immunity.  Sovereign immunity is the doctrine whereby, absent an express waiver, the Federal Government is immune from suit.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Importantly, courts construe waivers of sovereign immunity narrowly, *Orff v. United States*, 545 U.S. 596,

---

[3] I note that Sindram's case started under chapter 13. Prior to his conversion to chapter 7, Sindram alleged one instance of misconduct.  The mere fact that Sindram converted, however, did not bring this preconversion claim into the estate. *See* 11 U.S.C. § 348(f)(1)(A) (providing that "property of the estate in the converted case shall consist of property of the estate as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion").  Sindram did not convert his case to chapter 7 in bad faith such as to make 11 U.S.C. § 348(f)(2) applicable.  Moreover, even if the claim were property of the estate, the claim was never scheduled and only the chapter 7 trustee would have authority to pursue the claim.  *See* 11 U.S.C. §§ 323 and 554(c).

601 (2005), and the waiver must be "unequivocally expressed," *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Two potential waivers are applicable to this case: the Federal Torts Claims Act ("FTCA") and § 106 of the Bankruptcy Code.

First, I decline to decide whether Sindram's claims fall within the Federal Government's waiver of sovereign immunity under the FTCA because even if they did, this court would be without jurisdiction to hear those claims. The FTCA is limited solely to tort claims. *See* 28 U.S.C. § 2674 (providing that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). As I explained above, because Sindram's post-petition tort claims cannot be said to be at least "related to" his case under title 11 because they could have no impact on the estate, this court is without subject matter jurisdiction to hear the claims. Rather, the district court is the court of competent jurisdiction in this instance.[4] Accordingly, I decline to decide

---

[4] This decision is in no way meant to imply that a suit under the FTCA could never be maintained in this court. It is not difficult to conceive of a situation where a debtor has a pre-petition claim against the Federal Government that he or the trustee could bring in this court seeking recovery for the benefit of general unsecured creditors. That, however, is not the situation here: all the alleged acts by the Marshals Service happened post-petition; Sindram received a discharge under chapter 7; the time for a party in interest to move to revoke the discharge under § 727 has passed; and, the trustee has filed a final report of no distribution.

9

whether Sindram's claims fall within the framework of the FTCA.

Second, the Federal Government has not waived its immunity under the Bankruptcy Code for the acts of which Sindram complains.  Section 106(a) of the Bankruptcy Code abrogates the Federal Government's sovereign immunity with respect to certain provisions of the Bankruptcy Code.  But as I stated above, Sindram is not claiming relief under any provision of the Bankruptcy Code.[5]

C

The Marshals Service's next argument is that dismissal is proper because Sindram has failed to effect proper service. Under both Fed. R. Civ. Proc. 4(i) and Fed. R. Bankr. Proc. 7004, when a party institutes a suit against an agency of the United

---

[5]  The only potential argument that Sindram could make is that he is seeking relief under the Bankruptcy Code under 11 U.S.C. § 105.  Section 105(a) empowers the court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  Section 105(a) cannot be divorced from the other provisions of the Bankruptcy Code to provide the court with an independent basis on which to issue orders outside the scope of title 11.  Without a statutory hook in the Bankruptcy Code for Sindram's amended complaint, § 105 would not come into operation and therefore does not provide a waiver of the Federal Government's sovereign immunity. Although civil contempt can be pursued under 11 U.S.C. § 105(a) (see *ZiLOG, Inc. v. Corning (In Re ZiLOG, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006)), and thus against the Federal Government by reason of 11 U.S.C. § 106(a) (see *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1554-55 (11th Cir. 1996)), as discussed already (n.1, *supra*), Sindram has not alleged facts forming a basis for pursuing civil contempt.

States, the party must also provide service of process upon the United States Attorney for the district in which the action is commenced and the United States Attorney General. Although Sindram initially provided service only upon the Marshals Service, he has now cured the defect by providing service upon both the Attorney General and the United States Attorney for the District of Columbia, and dismissal on this basis is improper.[6]

D

The Marshals Service's final argument is that to the extent Sindram seeks relief against federal employees in their individual capacities, the court should dismiss the suit against them for lack of personal jurisdiction. The Marshals Service contends that dismissal on this basis is proper for two reasons: (1) Sindram has failed to effect proper service upon any federal employees he is suing in an individual capacity and (2) Sindram has not met his burden of establishing personal jurisdiction over any federal employees he is suing in their individual capacity. I will address each contention in turn.

As an initial matter, I note that it is not clear from Sindram's amended complaint whether he is seeking relief against

---

[6] I note that Sindram's personal service upon the defendants is improper because he delivered the summons and complaint himself. Fed. R. Bankr. Proc. 7004(a). The Marshals Service has not raised this argument, however, and I choose not to address it due to dismissal on other bases.

any federal employees in their individual capacities.  First, Sindram's amended complaint only names the Marshals Service as a defendant in the caption.  Second, Sindram has not sought a summons against any entities besides the Marshals Service, the Attorney General of the United States, and the United States Attorney for the District of Columbia.  In the body of his amended complaint, however, Sindram refers to defendants Jessup, Leak, Hooker, and Gardner, and unnamed defendants.  Moreover, throughout his amended complaint Sindram references "defendants", plural, and asks for judgment against the "defendants jointly, severally, collectively, and individually."  Viewing these allegations in a light most favorable to Sindram, I find it reasonable to construe his complaint as seeking relief against these employees in their individual capacities in addition to seeking relief against the Marshals Service.

Regarding the Marshals Service's first argument--that personal jurisdiction does not lie because Sindram has failed to effect proper service upon the individuals defendants--this is not a valid basis for dismissal at this time.  Although one of the requirements for personal jurisdiction over an individual is valid service of process, *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987), under Rule 4(m) Sindram need not effect service until 120 days after his amended complaint was filed, *see Guerrero v. Univ. of Dist. Of Columbia*,

251 F. Supp. 2d 13, 27 (D.D.C. 2003) (using 120 days from the filing of the amended complaint as the operative deadline under Rule 4(m)). Here, Sindram filed his amended complaint with the court on February 2, 2010. Accordingly, Sindram would not need to effect service on the federal employees he is seeking relief against in their individual capacities until June 2, 2010, and dismissal on this basis is premature.

Furthermore, the Marshals Service's argument that Sindram has failed to plead personal jurisdiction over the individual defendants also fails. Under Rule 4(k)(1), personal jurisdiction exists when a defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Even assuming that none of the individuals against whom Sindram is seeking relief were residents of the District of Columbia,[7] jurisdiction would lie by virtue of the District's long arm-statute, which provides for personal jurisdiction "over a person . . . as to a claim for relief arising from the person . . . (c) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia. D.C. Code § 13-423. Sindram has alleged acts by the individual defendants that occurred while he was present in District of Columbia Federal Courthouse sufficient to fall under

---

[7] Any defendants who were residents of the District would be subject to personal jurisdiction by virtue of D.C. Code § 13-422.

13

the District's long-arm statute,[8] and, consequently, personal jurisdiction against the individual defendants would lie in this court. All of this, however, is merely academic as this court is without subject matter jurisdiction to hear Sindram's claims in the first instance.

IV

In accordance with the foregoing it is

ORDERED that the Marshals Service's motion to dismiss Sindram's amended complaint is GRANTED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

---

[8] Although research reveals no cases addressing whether contempt actions fall under this section of the District's long-arm statute, I believe it would extend to contempt actions and, consequently, personal jurisdiction would lie here, too.