The document below is hereby signed.

Signed: April 20, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10041 |
| UNITED STATES MARSHALS SERVICE, | ) | |
| | ) | |
| | ) | Not for Publication in |
| Defendant. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE FILING RECITING ADDITIONAL
ACTS OF ALLEGED HARASSMENT BY THE UNITED STATES MARSHALS SERVICE

The plaintiff Sindram has filed a document entitled Additional Acts of Retaliation Committed by United States Marshals Service on February 24, 2010 to Invoke Immediate Court Intervention.

Sindram contends that the United States Marshals Service has engaged in acts making it impossible for him to prepare for the scheduling conference in this adversary proceeding, and he

requests that the court grant injunctive relief against the Marshals Service.  The court, however, has granted the United States Marshals Service's motion to dismiss, thereby rendering moot any need to protect Sindram with respect to preparing for the scheduling conference (which, in effect, has been canceled).[1]

In any event, Sindram has not proceeded in a procedurally appropriate fashion.  The transactions of which he complains occurred after the filing of the complaint.  Under Federal Rule of Civil Procedure 15(d), made applicable by Federal Rule of Bankruptcy Procedure 7015:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Because Sindram has not filed a motion, there is nothing for the defendant to respond to at this juncture.

Even if Sindram had filed a motion, the court would deny the motion.  Now that the court has determined that the complaint must be dismissed, there is no good reason to entertain a

---

[1] To the extent that Sindram alleges that the acts also interfered with his filing a paper in an appeal pending in the District Court, it would appear that the District Court, not this court, is the appropriate forum in which to seek relief regarding such interference (if subject matter exists and pursuit of such relief is proper) .

2

supplemental pleading raising a request for injunctive relief in aid of Sindram's pursuit of the adversary proceeding.[2] The court will enter a judgment dismissing the adversary proceeding pursuant to the memorandum decision and order addressing the United States Marshals Service's motion to dismiss.

In light of the foregoing, it is

ORDERED that Sindram's Additional Acts of Retaliation Committed by United States Marshals Service on February 24, 2010 to Invoke Immediate Court Intervention (Docket No. 5) is stricken as procedurally improper.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

---

[2] It is unnecessary to address whether the court would have subject matter jurisdiction over Sindram's request for injunctive relief were he allowed to file a supplemental pleading.