The order below is hereby signed.

Signed: June 12, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | Case No. 08-00559 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL JOSEPH SINDRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-10041 |
| UNITED STATES MARSHAL | ) | |
| SERVICE, *et al.*, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

The debtor has filed a notice of appeal (Dkt. No. 23) from this court's judgment dismissing this adversary proceeding (Dkt. No 18). The clerk's office issued a notice advising the debtor of his failure to pay the appeal fee, as required, and the debtor responded by the filing of an application to proceed without prepayment of fees (Dkt. No. 26). The court will deny the debtor's application without prejudice to the debtor's right to

renew his request with the district court.

As this court has previously observed, courts are divided regarding whether a bankruptcy court has the power to grant a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1]  *See In re Richmond*, 247 Fed. Appx. 831 at *1-2 (7th Cir. 2007).  As to the notice of appeal fee, the question of whether this court has the power to grant the debtor's motion under § 1915 is largely academic because under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the court now has the power to waive filing fees for a chapter 7 debtor whose income falls below a certain level and who has demonstrated an inability to pay the fee in full or in installments.  *See* 28 U.S.C. § 1930(f)(1)-(2).  This court previously granted the debtor's request for waiver of the chapter 7 filing fee in the main bankruptcy case.  Similarly, in support of his application to proceed without prepayment of fees, the debtor has submitted an affidavit demonstrating that he is not currently employed, that his real property is scheduled to be sold at a foreclosure sale, that his income level falls below 150% of the applicable poverty guideline for a one-person household in the District of Columbia, and that he is unable to pay the fee in full or in installments.

---

[1]  Section 1915 of 28 U.S.C. authorizes the waiver of fees by "any court of the United States."  Courts disagree over whether a bankruptcy court is a "court of the United States" within the meaning of that statute.

2

As such, under § 1930(f), the court has the power to waive the filing fee that was triggered by the debtor's filing of a notice of appeal.

The court's power to waive the fee when a debtor otherwise qualifies for waiver under 28 U.S.C. § 1930(f) is discretionary. Thus, although the court has the power to waive the filing fee, it is not required to do so. The court finds that the debtor's appeal lacks merit, and the court, in the exercise of its discretion, will deny the debtor's motion for waiver of the filing fee. Moreover, pursuant to § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The court finds that the debtor's appeal is entirely without merit, and the court thus certifies that the appeal is not taken in good faith. It follows that, even if this court generally has the power to waive fees under 28 U.S.C. § 1915(a), the debtor would not be permitted to proceed with this appeal *in forma pauperis* in accordance with § 1915(a)(3). It is thus

ORDERED that the debtor's Application to Proceed Without Prepayment of Fees (Dkt. No. 26) is DENIED without prejudice to renewal of the debtor's request in the district court. It is further

ORDERED that the clerk shall transmit a copy of this order to the clerk of the district court so that the district court is

aware of the debtor's failure to comply with Rule 8001(a), which requires that a notice of appeal be accompanied by the prescribed fee.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.